Green, J.
delivered the opinion of the court.
The defendant was indicted in the Henry Circuit Court, for permitting a slave, his property, to trade in spirituous liquors as if a free peison of color. He was found guilty by the jury, and on motion the judgment was arrested, and the attorney general, on behalf of the State appealed to this court.
The indictment charges that “Benjamin Weaks, late of’the county aforesaid, laborer, on the 1st day of April, in the year of our Lord, 1844, with force and arms in the county aforesaid, did, then and there, wilfully permit and suffer, a negro man named Prince, a slave for life, the property of the said Weaks, then and there, under the control of him the said Weaks to trade in spirituous liquors, as if a free person of color.”
The act of 1839, ch. 47, provides, that if any owner of a slave shall “wilfully permit and suffer such slave to live to himself, as if a free person of color, or to have hogs, cows, horses, mules, or other such like description of property, or to trade in spirituous liquors, hogs, cows and horses, mules, provisions, or other property, as if a free person of color, or to hire him or herself out, or to work and labor, or to spend his or her time, or do other acts, as if a free person of color,” shall on conviction be fined not less than five dollars.
*523 The question is whether this indictment is good, under the above recited statute.
1st. It is supposed the indictment is defective, because it does not allege that the liquor was sold by the slave to any particular person, but only that the defendant “did permit and suffer” the slave “to trade in spirituous liquors, as if a free person of color.”
The evil this statute intended to remedy was, that slaves, thus suffered to trade and spend their time as free persons of col- or, exerted an influence on other slaves calculated to produce insubordination and dissatisfaction, and they also furnished a temptation to other slaves to steal from their owners goods to be received and disposed of, by those slaves that were suffered thus to trade. The gist of the offence therefore is, that the slave is permitted or suffered to trade, and spend his time as a free person of color. It is in our opinion, sufficient if the indictment so charge, without stating with whom the slave traded.
It is not like the case of an indictment against a white man for selling spirituous liquors, contrary to the statute. In such cases the indictment must allege, as a description of the offence, to whom the liquor was sold. The gist of the offence is the sale and the unlawful act must be described with reasonable certainty. But in the case before us the offence is that the slave is permitted to spend his time and trade, as if a free person. We do not think, therefore, that in describing the offence, it is necessary to allege in the indictment expressly that spirituous liquors were actually sold to any one. If the slave have his shop, and spend his time there as a free person, and is seen waiting on customers and offering to sell, it is evidence that he is permitted and suffered to trade as a free person of color, and the offence of the owner having control of him is complete, and heis equally guilty,-whether he “permits” that'is, grants express license, or “suffers,” that it does not restrain his slave from thus trading and spending his time.
For these reasons the judgment of the Circuit Court must be reversed, and such judgment as that court should have rendered must be now entered. The defendant will be fined five dollars.